**JEROME C. WENIG and RICHARD A. PELLAR, Plaintiffs**

**v.**

**ROY PEMBERTON and REUBEN WHEATLEY, Defendants**

Civil No. 265-1972

District Court of the Virgin Islands

Div. of St. Croix

September 27, 1973

YOUNG, *District Judge*

### MEMORANDUM OPINION AND JUDGMENT

In 1968 plaintiffs Wenig and Pellar purchased Plot 2A, Estate Little Princess, Company Quarter for $10,500. They received no tax bills on this property and were apparently unaware that taxes were overdue. Nor did they receive actual notice of the tax sale in 1971 at which their property was sold to defendant Pemberton for $450. Plaintiffs, on becoming aware of this purchase, sought a declaratory judgment that the tax sale was unlawful and void, and have now moved for summary judgment.

Defendant Pemberton admits that the published notices of the tax sale of plaintiffs' property were deficient in that they omitted Pellar's name, and that the last two notices did not describe the property to be sold. 33 V.I.C. 2541, 2546. Such omissions invalidate a subsequent sale. Williams

v. Albe, 7 V.I. 46 (D.C.V.I. 1969) ("It is well settled that statutes authorizing and regulating tax sales must be strictly construed in favor of the owner of the land"). I believe that justice requires an especially strict conformance with procedural statutes when actual notice has not been achieved and when the proceeds of a sale are so singularly disproportionate to the apparent value of the land.

Defendant contends that the omissions in the published notices of sale were solely due to the negligence of The St. Croix Avis. I do not believe that this fact is relevant in assessing the adequacy of notice to plaintiffs. That notice was inadequate and therefore the sale must be declared void.

### DECLARATORY JUDGMENT

In conformance with the above Memorandum Opinion, it is hereby

ORDERED, ADJUDGED and DECREED, that plaintiffs' motion for summary judgment be GRANTED; and it is further

ORDERED, ADJUDGED and DECREED, that the tax sale of Plot 2A, Estate Little Princess, Company Quarter, occurring on or about January 29, 1971, was void, and that the certificate of purchase issued by the Commissioner of Finance to Roy Pemberton was without effect and gave to him no title or any interest in Plot 2A.